**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHIRLEY REED,

                Plaintiff,

vs.                             Case No.  3:13-cv-25-J-99MMH-JRK

JOHN H. RUTHERFORD, Sheriff, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

      Plaintiff filed her first Affidavit of Indigency (Doc. No. 2) on January 9, 2013, and her

second Affidavit of Indigency (Doc. No. 16) on November 5, 2013.  The Court collectively

construes these Affidavits as a Motion to Proceed In Forma Pauperis ("IFP Motion").  On

November 5, 2013, Plaintiff filed an Amended Complaint (Doc. No. 15; "Amended Complaint").

These matters are now before the Court.

## I.  Status / Background

      On January 9, 2013, Plaintiff initiated this action by filing a nine-count Complaint (Doc.

No. 1), naming thirteen (13) individual Defendants.[2]  On January 18, 2013, Plaintiff filed a

document that she entitled "Amended Complaint" (Doc. No. 5).  That document consists of

---

    [1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after
service of this document.  Failure to file a timely objection waives a party's right to a de novo review.  See
28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

    [2]     Plaintiff names as Defendants the following: Sheriff John H. Rutherford; Detective Dennis
Blankinchip; Detective Michael Sanders; D.R. Daniels, Chief of Professional Standards; Lt. C.J. Cowan,
Internal Affairs; Assistant Chief Andrea M. Smith, Internal Affairs; Lt. Grant, Commander for Supervisory
Review; Lt. Steve H. Mullen, Commander for Supervisory Review; Lt. M.D. Bruno, Internal Affairs; Lt.
M.D. Eason, Internal Affairs; Sgt. Lolita S. Smith, Internal Affairs; Lt.  S.G. Gallaher; and Steve A. Zona,
Internal Affairs. Compl. at 1.

one page in which Plaintiff simply notes that she is "resubmitting and amending page 13 Pray[er] for Relief . . ." of her Complaint, but Plaintiff did not attach the page she wished to resubmit.  On February 12, 2013, Plaintiff filed a document entitled "Resubmit Amended Complaint" (Doc. No. 6), that the Court construes as a Supplement to the Complaint ("Supplement").  In the Supplement, Plaintiff again states that she wants to "resubmit[] and amend[] page 13 Pray[er] for Relief . . . ."  Supp. at 1.  This time, Plaintiff attached the pages she wished to resubmit, and she labeled the pages "13 of 15," "14 of 15," and "15 of 15."  Id. at 2-4.  The Supplement also contains exhibits.  See id. at 5-15.

Upon review of all of Plaintiff's filings, the undersigned entered an Order (Doc. No. 7) on April 4, 2013, advising Plaintiff that she had failed to state a claim upon which relief may be granted, and directing Plaintiff to file an Amended Complaint.  By that same Order, Plaintiff was also directed to file a new Affidavit of Indigency, or in the alternative, was advised that she could pay the $350.00 filing fee.  Id.  Plaintiff was to comply with that Order by May 6, 2013.  Id.  After requesting and receiving some extensions of time, Plaintiff eventually filed the Amended Complaint and the second Affidavit of Indigency on November 5, 2013.

## II.  Plaintiff's Financial Status

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The Court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability

"to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

Based upon a review of Plaintiff's IFP Motion, it appears Plaintiff may be unable to pay the filing fee.  Her request to proceed in forma pauperis, however, is due to be denied because as explained below, she has failed to state a claim on which relief may be granted.

### III.  Discussion

#### A.  Summary of Plaintiff's Amended Complaint

Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.  See Am. Compl. at 1.  She states that the matter "is brought pursuant to 42 U.S.C. [§] 1983 . . . [and the] Constitutional violation action is brought pursuant to the First[,] Sixth[,] and Fourteenth Amendment[s]."  Id.

Factually, Plaintiff alleges in substance that two detectives with the Jacksonville Sheriff's Office ("JSO") drafted a report that Plaintiff refers to as "supplemental report 691600" (hereinafter referred to as the "report").  Id. at 5.  Plaintiff summarizes the report as follows: "On 08/19/2009 Ms. Sonya Holton [Plaintiff's daughter] stated she was out of town and her son Travis was to be staying with her mother; she [Plaintiff's daughter] said she got a call from her mother stating 'Travis had been gone all day long and nobody knew where he was.'"  Id. Apparently, the report was part of a JSO investigation, and Plaintiff's grandson (Travis) was a suspect in the investigation.  See id. at 3, 13-14.  Plaintiff claims that the report contains false information and that the law enforcement officers failed to investigate and corroborate the information.  Id.  Plaintiff indicates she has filed complaints regarding this incident with the Internal Affairs Department of the JSO, the sheriff, the state attorney's office, and some

judicial officers.  Id. at 7.  Specifically, in these complaints, Plaintiff has tried to have all references to her (as Ms. Holton's mother) removed from the report.  Id. at 7-8, 13.

Plaintiff sets out seven (7) counts in her Amended Complaint, labeled by Plaintiff as follows: Freedom of Expression; Duty to Investigate; Denial of Due Process; Confrontation Right/Hearsay; Conspiracy; Defamation Slander Libel and Injurious Falsehood; and Fraud. Id. at 8-12.  In Count I, Plaintiff cites to 42 U.S.C. § 1983 and the First, Sixth, and Fourteenth Amendments, and she alleges that Defendants acted under color of law and deprived her of her First Amendment right to freedom of expression.  Id. at 8-9.  Plaintiff contends in Count II that some Defendants failed to comply with JSO Policies and Procedures by failing to investigate Plaintiff's complaints regarding the statements in the report.[3]  Id. at 9-10.  Count III contains an alleged procedural due process claim, in which Plaintiff asserts that she was denied due process because she was not provided with "a fair impartial hearing to admit or deny allegations contained within this report."  Id. at 10.

Plaintiff claims in Count IV that she was denied confrontation rights under the Sixth Amendment because she "had a right to be confronted with the witness(s) [sic] who claimed [she] made such a statement."  Id. at 10-11.  In Count V, Plaintiff asserts that Defendants engaged in a conspiracy to determine that her "complaint had no merit."  Id. at 11.  In Count VI, Plaintiff claims that as a result of Defendants leaving the references to Plaintiff in the report, she has been placed in "false light in the public eye," and she has suffered "mental stress, mental anguish, mental anxiety, and humiliation and will never be the same again."

---

[3]     In the Amended Complaint, although Plaintiff cites to a "Code of Conduct," Plaintiff does not specifically mention the JSO Policies and Procedures.  Am. Compl. at 9 (capitalization omitted).  After reviewing all of Plaintiff's filings, however, it is apparent that Plaintiff is referring to the JSO Polices and Procedures.

Id. at 11-12.  Lastly, in Count VII, Plaintiff alleges that "Defendants committed fraud" because they intentionally misrepresented statements in the report.  Id. at 12.  For relief, Plaintiff seeks "$29,028,000,000 . . . and ninety nine cents."  Id. at 15.

### B. Legal Framework

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines, at any time, that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), so courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most favorable to the plaintiff.  Behrens v. Regier, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Id. at 678 (quotations and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware

Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993). Here, even liberally construing Plaintiff's Complaint and analyzing it under a less stringent standard, the Complaint fails to state a claim on which relief may be granted.

### C. Analysis

Initially, the undersigned notes that Plaintiff's Amended Complaint is not substantially different than Plaintiff's original Complaint. Despite the Court's admonitions regarding her first Complaint, it does not appear Plaintiff has made any significant legal or factual changes to support her claims. Nevertheless, the undersigned analyzes each count of the Amended Complaint.

In Counts I ("Freedom of Expression"), III ("Denial of Due Process"), and IV ("Confrontation Right/Hearsay"), it appears Plaintiff is attempting to state claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Liberally construing the Amended Complaint, Plaintiff alleges that Defendants were acting under color of law. Plaintiff, however, has not sufficiently

alleged any violation of a right secured by the Constitution or laws of the United States. Although Plaintiff provides citations to the First, Sixth, and Fourteenth Amendments, as well as some other federal laws and statutes, and she states in a conclusory fashion that Defendants have violated her rights, conclusory statements and mere citation to federal laws are insufficient.  See Iqbal, 556 U.S. at 678.

In Count II ("Duty to Investigate"), Plaintiff does not cite to any law or specify what cause of action she is attempting to assert.  See Am. Compl. at 9-10.  Upon review, the Court cannot decipher any.

Count VI, Plaintiff's "Defamation Slander Libel and Injurious Falsehood" claim, if cognizable at all, arises under state law, not federal law.  Id. at 11-12.  Plaintiff was previously advised in the Court's April 4, 2013 Order (Doc. No. 7) that although this Court can exercise supplemental jurisdiction over state law claims in some circumstances, there does not appear to be any basis for doing so in this case.  In fact, courts are strongly encouraged not to do so. See 28 U.S.C. § 1367(c)(3) (noting that a "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (recognizing that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that "if federal claims are dismissed before trial . . . the state claims should be dismissed as well"); Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (internal quotations and citations omitted) (noting that "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims").

-7-

In Count V ("Conspiracy"), Plaintiff makes conclusory statements about the named Defendants allegedly engaging in a conspiracy to deprive of her of rights under the First Amendment.  Am. Compl. at 11.  Plaintiff claims that "[e]very person that touched[ her] complaint(s) by means of visual sight, or any direct communication had a duty to address [her] complaint on its own merits."  Id.  These conclusory and unsupported statements are insufficient to state a claim for relief.  See Iqbal, 556 U.S. at 678.

As to Count VII ("Fraud"), Plaintiff, again in a conclusory fashion, asserts that the "Defendants committed fraud," and she refers to "JSO Policy and Procedure."  Am. Compl. at 12.  As recognized above, conclusory and unsupported statements are insufficient to state a claim for relief.  See Iqbal, 556 U.S. at 678.  Even more, when a plaintiff sets forth allegations of fraud, the plaintiff must comply with the "heightened pleading standard" of Rule 9(b), Federal Rules of Civil Procedure.  Plaintiff has not done so here.

In sum, the gravamen of Plaintiff's Amended Complaint is that the references to statements made by her and/or actions taken by her in the report are not true.  Plaintiff appears to be mainly concerned that she was not given the opportunity to "challenge the credibility" of the detectives who drafted the report, and that JSO and Internal Affairs "continued [to] refus[e] to remove false information from" the report, "depositions and all transcripts." Am. Compl. at 8.  It is not clear in what capacity or in what situation Plaintiff desired to "challenge the credibility" of the detectives, or how this was a right secured by the Constitution or laws of the United States.

Simply put, this Court does not have jurisdiction to oversee JSO's internal practices and procedures on how they conduct investigations or handle external complaints from

individuals like Plaintiff.  Plaintiff has not alleged facts that any of the named Defendants owed an actual duty to Plaintiff that this Court could enforce.  Even liberally construing Plaintiff's allegations and accepting those allegations as true, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.  Conclusion

The Amended Complaint suffers from the same fatal flaws as the initial Complaint. Even considering the entirety of Plaintiff's filings in this case and viewing Plaintiff's allegations in the light most favorable to Plaintiff, her blanket factual allegations do not state a cognizable cause of action.  Accordingly, the undersigned finds that Plaintiff has failed to present facts that "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe, 253 F.3d at 683-84.

After due consideration, it is

**RECOMMENDED THAT**:

1.      The Affidavit of Indigency (Doc. No. 2) and the Affidavit of Indigency (Doc. No. 16), collectively construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.      This case be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

3.      The Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 2, 2014.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

-9-

mh.
Copies to:

Honorable Marcia Morales Howard
United States District Judge

<u>Pro</u> <u>se</u> party